**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-1959**

NOELLA MBOLLE EJEDE EJEDE,

        Petitioner,

    v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  April 25, 2013        Decided:  May 23, 2013

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

Petition dismissed in part and denied in part by unpublished per curiam opinion.

Irena I. Karpinski, LAW OFFICES OF IRENA I. KARPINSKI, Washington, D.C., for Petitioner.  Tony West, Assistant Attorney General, Emily Anne Radford, Assistant Director, Kohsei Ugumori, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Noella Mbolle Ejede Ejede, a native and citizen of Cameroon, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing her appeal from the Immigration Judge's order finding her asylum application to be untimely and denying relief from removal. We previously dismissed the petition for review in this matter without prejudice, and have granted Ejede's motion to reopen her appeal. We now dismiss in part and deny in part the petition for review.

Ejede challenges the finding below that she failed to establish eligibility for asylum. Under 8 U.S.C. § 1158(a)(3) (2006), the Attorney General's decision regarding whether an alien has complied with the one-year time limit for filing an application for asylum or established changed or extraordinary circumstances justifying waiver of that time limit is not reviewable by any court. See Gomis v. Holder, 571 F.3d 353, 358-59 (4th Cir. 2009). Because Ejede's asylum application was found to be untimely by the agency, we lack jurisdiction to review the merits of her asylum claim.

Next, Ejede disputes the conclusion that she failed to qualify for the relief of withholding of removal. "Withholding of removal is available under 8 U.S.C. § 1231(b)(3) if the alien shows that it is more likely than not that her life or freedom would be threatened in the country of removal because of her

2

race, religion, nationality, membership in a particular social group, or political opinion." Gomis, 571 F.3d at 359 (citations omitted); see 8 U.S.C. § 1231(b)(3) (2006). Based on our review of the record, we conclude that substantial evidence supports the agency's finding that Ejede failed to meet her burden of proof. Because the evidence does not compel us to conclude to the contrary, we uphold the denial of relief. See Djadjou v. Holder, 662 F.3d 265, 273 (4th Cir. 2011), cert. denied, 133 S. Ct. 788 (2012). Finally, we uphold the finding below that Ejede did not demonstrate that it is more likely than not that she would be tortured if removed to Cameroon so as to qualify for protection under the Convention Against Torture. See 8 C.F.R. § 1208.16(c)(2) (2012).

We accordingly dismiss in part and deny in part the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DISMISSED IN PART<br>AND DENIED IN PART

3